UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENIN GARCIA,<br><br>    Plaintiff,<br>v.<br>CLUCK, et al.,<br><br>    Defendants. | Civil No. 12-CV-718 AJB (NLS)<br><br>**REPORT AND RECOMMENDATION GRANTING PARTIAL MOTION TO DISMISS**<br><br>(Dkt. No. 18.) |

  Plaintiff Lenin Garcia ("Plaintiff"), a prisoner proceeding *pro se*, commenced this action against Defendants Cluck, Doren, Asbury, Stricklin, Burnaugh, Pittman, Cobb, and Central Control Staff John or Jane Does 1-4, on March 22, 2012. (Dkt. No. 1.) After the complaint was dismissed for failure to state a claim, Plaintiff filed a first amended complaint ("FAC"). (Dkt. Nos. 3 and 5.) Plaintiff alleges that Defendants conspired to violate his constitutional rights. (Dkt. No. 5 at 10.[1]) He also alleges that Defendants retaliated against him and prevented him from exercising his First Amendment rights, and he alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. *Id.* at 10-11.

  Defendants move to dismiss solely Plaintiff's Eighth Amendment claim, on the grounds that Plaintiff fails to state a claim. (Dkt. No. 18-1 at 4-5.) Plaintiff opposes the motion. (Dkt. No. 19.) Defendant filed a reply, and Plaintiff filed a surreply. (Dkt. Nos. 20 and 22.)

///

---

[1] Citations to page numbers in the parties' submissions refer to those assigned by the ECF system.

## I.  MOTION TO DISMISS STANDARD

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the legal sufficiency of Plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). For the sake of deciding the motion, the court must accept as true all material allegations in the complaint, and the reasonable inferences drawn from them, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). This tenet does not extend, however, to legal conclusions cast as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal,* 556 U.S. at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, citing *Twombly*, 550 U.S. at 556. The plausibility standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.,* citing *Twombly*, 550 U.S. at 557 (internal quotations omitted).

Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, however, the court may not "supply essential elements of [a] claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). If an action is dismissed pursuant to Fed. R. Civ. P. 12(b)(6), the court must give a litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) quoting *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995).

///

## II.   FACTUAL BACKGROUND

Plaintiff, an inmate at R.J. Donovan Correctional Facility, alleges that Defendants conspired against him in retaliation for filing grievances. (Dkt. No. 5 at 3.) He claims they threatened him, conspired to file false charges against him, and subjected him to "punitive segregation." *Id.*

Plaintiff asserts that on April 11, 2011, Defendant Cluck fabricated a disciplinary write-up and threatened to move him from his building in retaliation for filing a grievance. *Id.* at 3-4. On the following day, Defendants Doren, Asbury, Stricklin, Burnaugh, and Pittman, notified Plaintiff that he was going to be re-housed with a black inmate, even though Plaintiff was restricted from being housed with black, white, or Mexican inmates. *Id.* at 4. After Plaintiff showed Defendants his housing restriction, he alleges that Defendant Branaugh verbally abused him and that Defendants Burnaugh and Pittman fabricated a segregation order falsely alleging that Plaintiff refused his assigned housing. *Id.* at 5. Plaintiff was then placed in segregation. *Id.*

Plaintiff alleges that fifteen days after this incident, Defendants Burnaugh and Pittman fabricated a disciplinary write-up in an attempt to cover up their misconduct. *Id.* Plaintiff was found "not guilty" of the charges. *Id.* Plaintiff also claims that Defendant Cobb refused to process grievances he filed, and that this refusal was part of the conspiracy to cover up Defendants' misconduct. *Id.* at 6-7. He asserts that the refusal to process the grievances was meant to dissuade Plaintiff from filing this civil rights complaint. *Id.* at 7.

Plaintiff also claims that as a result of Defendants' retaliatory acts, he endured cruel and unusual punishment in segregation. *Id.* at 9. Specifically, he asserts that he went without a toothbrush, toothpaste, and deodorant. *Id.* He also claims that he was "only allowed to wear a t-shirt, underwear, and socks." *Id.* This resulted in humiliation, mental anguish, body odors, and halitosis. *Id.*

## III.   ANALYSIS

Defendants move to dismiss Plaintiff's claim that he suffered cruel and unusual punishment in violation of the Eighth Amendment. (Dkt. No. 18.) For the reasons set forth below, this Court **RECOMMENDS** that the motion be **GRANTED.**

The Eighth Amendment protects prisoners from "inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prisoners are entitled to "adequate shelter, food,

clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). However, the Eighth Amendment does not mandate comfortable prisons. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). Prisons can be both restrictive and harsh without violating the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

When a prisoner challenges the conditions of his or her confinement, two showings must be made: (1) an objective showing that a deprivation was sufficiently serious, and (2) a subjective showing that the prison official acted with a sufficiently culpable state of mind. *Johnson*, 217 F.3d at 731 (citations and quotations omitted).

The deprivation alleged must amount to a denial of the "minimal civilized measures of life's necessities." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) quoting *Rhodes*, 452 U.S. at 347. "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." *Johnson*, 217 F.3d at 731. The more basic the need, the shorter amount of time it may be withheld. *Id.*

Plaintiff alleges that he was placed in punitive segregation without a toothbrush, toothpaste, deodorant, or clothing besides a t-shirt, underwear, and socks. (Dkt. No. 5 at 9.) Defendants claim that, according to the exhibits attached to Plaintiff's initial complaint, he was in segregation and deprived of these items for less than twenty-four hours. (Dkt. No. 18-1 at 5.) In his response to the motion to dismiss, Plaintiff argues that he was in segregation for several days, and was without these amenities for over a month after he was put back in general housing. (Dkt. No. 19 at 2-3.) This Court will not consider either of the parties' allegations. The exhibits attached to Plaintiff's initial complaint are not attached to the FAC, and therefore will not be reviewed. *See* Dkt. No. 4 at 7; *see also* Civil Local Rule 15.1. Additionally, it is well-established that this Court may not consider new factual allegations raised in an opposition to a motion to dismiss. *Schneider v. California Dept. of Corr.,* 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998). Plaintiff's FAC alleges that he was without personal hygiene items for an "extended period of time," and that is the allegation this Court must consider. (Dkt. No. 5 at 9.)

The Ninth Circuit has held that "[i]ndigent inmates have the right to personal hygiene supplies such as toothbrushes and soap," and that denial of these items could state a claim for lack of sanitation. *Keenan*, 83 F.3d at 1091. Other Circuits have found that a temporary deprivation of hygiene supplies

does not rise to the level of an Eighth Amendment violation. *See Harris v. Fleming*, 839 F.2d 1232, 1234-36 (7th Cir. 1988) (no violation when inmate was deprived of soap, toothbrush, and toothpaste for ten days), and *Williams v. Delo*, 49 F.3d 442, 444-45 (8th Cir. 1995) (denial of toothbrush, toothpaste, soap, and deodorant for four days was not a deprivation of the minimal civilized nature of life's necessities). Plaintiff alleges that he was without these items for an "extended period of time," which is presumably longer than a temporary deprivation. (Dkt. No. 5 at 9.) At this stage of the pleadings, Plaintiff arguably has met the objective standard necessary to state a claim for a violation of the Eighth Amendment.

Even if Plaintiff satisfies the objective prong, he still must satisfy the subjective prong. To satisfy the second requirement, a prisoner must allege that the prison official acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837.

Plaintiff has not satisfied this second requirement. The FAC alleges that Defendants "agreed to subject [him] to cruel an[d] unusual punishment," that Defendants placed him in administrative segregation, and that the segregation order was signed by Defendants Burnaugh and Pittman. (Dkt. No. 5 at 3 and 5.) The FAC also states that "Defendants subjected Plaintiff to punitive segregation - leaving him there without toothpaste, deodorant, et al." and that the refusal to provide a toothbrush, toothpaste, and deodorant was intentional. *Id.* at 9 and 11.

A prisoner can state a claim against a prison official for an affirmative act, for participating in the affirmative acts of another, or for not performing an act the official is legally obligated to do, so long as these acts or omissions cause the deprivation in question. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Id.*

There are no specific factual allegations in the FAC to support a claim that any individual Defendant knew that Plaintiff was without a toothbrush, toothpaste, and deodorant, and that the lack of

these items constituted an excessive risk to his health or safety.  Further, the FAC does not contain factual allegations to support an inference that any of the Defendants consciously disregarded a known risk to Plaintiff.  Plaintiff's blanket statement that Defendants intentionally refused to provide him with a toothbrush, toothpaste or deodorant, is too conclusory to withstand this motion to dismiss.  *See Iqbal*, 556 U.S. at 678 (pleading standard requires more than "an unadorned, the defendant-unlawfully-harmed-me accusation").  Therefore, Plaintiff has failed to state an Eighth Amendment claim for cruel and unusual punishment.

**IV.  CONCLUSION**

**ACCORDINGLY**, it is hereby

**RECOMMENDED**, that Defendants' motion to dismiss Plaintiff's Eighth Amendment claim be **GRANTED**; and it is further

**RECOMMENDED**, that Plaintiff proceed with the remaining claims in the FAC; and it is further

**RECOMMENDED**, that Plaintiff be granted leave to amend his complaint to cure the deficiencies as set out in this Report and Recommendation.  If amendment is allowed, Plaintiff is advised that his Second Amended Complaint must be complete in itself without reference to any superseded pleading and contain all necessary exhibits.  *See* Civil Local Rule 15.1.

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **November 29, 2012**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///
///
///
///
///
///

1 **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **December 13, 2012.** The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: November 1, 2012

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court