UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENIN GARCIA,<br><br>　　　　　Plaintiff,<br>v.<br><br>CLUCK, et al.,<br><br>　　　　　Defendants. | Civil No. 12-CV-718 AJB (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>(Dkt. No. 32.) |

　　　Plaintiff Lenin Garcia, a prisoner proceeding *pro se*, commenced this action on March 22, 2012, seeking redress for civil rights violations. (Dkt. No. 1.) The operative pleading in this action is the second amended complaint, which alleges Defendants retaliated against Plaintiff by making threats, fabricating forms and write-ups, and adversely changing his housing. (Dkt. No. 25.)

　　　Currently pending before this Court is Plaintiff's motion to compel further responses to four of his Requests for Production. (Dkt. No. 32.) Defendants oppose. (Dkt. No. 34.) The responses in question were served on July 26, 2013. (Dkt. No. 34-1 ¶ 4.) According to Chambers Rules, motions regarding written discovery are to be filed jointly, and are due within forty-five days of the service of the initial response. Under the Rules, a joint motion regarding these responses was due on September 9, 2013. Therefore, the pending motion was untimely filed. The motion was also not filed jointly, as required. The Court chooses to exercise its discretion and address the merits of the

motion, however, the parties are warned that any future untimely or improper filings may be summarily rejected.

## I.    DISCOVERY PRINCIPLES

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Federal Rule of Civil Procedure 26(b)(1) offers guidance as to the scope of discovery permitted in an action:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

District courts have broad discretion when determining relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). However, this discretion should be balanced with the obligation to interpret the Rules in order to secure a "just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. Additionally, this Court has the power to restrict discovery when it is necessary to prevent "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). The Court should also impose limits when "the burden or expense of the proposed discovery outweighs its likely benefit[.]" Fed. R. Civ. P. 26(b)(2)(C).

## II.    PLAINTIFF'S MOTION TO COMPEL

Plaintiff's motion to compel concerns four of his Requests for Production, which

are outlined below. He argues that the information sought is relevant, relates directly to the credibility of Defendants, and may be evidence of a "habit, character, and custom to engage in misconduct." (Dkt. No. 32 at 2.[1]) Plaintiff also asserts that the documents requested should not be protected by privilege or deemed confidential. *Id.* at 3-4.

### A.     Request for Production No. 3

> Produce any and all documents, grievances/602s submitted by other inmates where allegations of retaliation, cover up, [fabrication] of RVR-115, 114-D, transferring inmates to ASU as retaliatory punishment, or retaliatory bed moves were made against any of the Defendants during their employment in CDCR.

Defendants asserted objections to this demand, arguing that the request is irrelevant, compound, vague and ambiguous, overly broad, burdensome, oppressive, and that it violates the privacy rights of individuals who are not a party to this action. (Dkt. No. 34 at 2-3.) Defendants also objected to the demand as "impermissibly seek[ing] confidential peace officer information" under California law, and on the basis of "official information privilege established by the analogous federal case law." *Id.* at 3. In response to Plaintiff's motion, Defendants argue that Plaintiff's desire to use this information to demonstrate "custom to engage in misconduct" is impermissible under Fed. R. Evid. 404(a). *Id.* According to Defendants, the documents listed in the privilege log concern events that occurred after the events alleged in the complaint, and therefore they are not relevant to factors such as motive, opportunity, or intent, or other factors listed in Fed. R. Evid. 404(b). *Id.*

As an initial matter, Defendants' objections related to Fed. R. Evid. 404 are misguided. Rule 404 concerns the admissibility of certain types of evidence, and Rule 26 permits discovery of relevant information that "need not be admissible at trial." The Court also does not agree with Defendants' assertion that the documents listed on the privilege log are irrelevant because they relate to incidents that occurred after the events alleged in the complaint. Other complaints about conduct similar to that alleged in the complaint may lead to the discovery of admissible evidence that could bear on Plaintiff's

---

[1] References to page numbers in the parties' submissions refer to those assigned by the ECF system.

claims, regardless of when the complaints were made. The privilege log indicates that the other inmate appeals were all initiated within approximately one year of the events alleged in the complaint, so they are not far removed from the time period in question. The demand is reasonably tailored to parallel Plaintiff's specific allegations, and is therefore not overbroad.

With respect to the objections based on privilege for documents responsive to this demand, Defendants only state that they are "well-founded," and make no argument or explanation as to why the objections are well-founded. (Dkt. No. 34 at 3.) This Court declines to speculate on Defendants' behalf. As noted above, the party opposing discovery bears the burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Defendants have not proffered anything towards meeting that burden. This Court finds the remainder of Defendants' boilerplate objections unavailing.

Accordingly, Plaintiff's motion to compel further response to Request for Production No. 3 is **GRANTED**. The Court is mindful of the potential privacy concerns of those who filed the appeals in question, and therefore orders that the names and identifying information of the inmates be redacted. *See Lamon v. Adams*, No. 1:09-cv-205-LJO-SKO PC, 2010 WL 4513405 at *3-4 (E.D. Cal. Nov. 2, 2010) (ordering redaction of inmate names on grievances before production).

**B.  Request for Production No. 4**

> Produce any and all lawsuits, petitions, [and] writs where any of the Defendants were named as a party during their employment at CDCR.

In their objections, Defendants state that this request is irrelevant, compound, vague and ambiguous, asks for documents equally available to Plaintiff, and is overly broad. (Dkt. No. 34 at 4.) This Court agrees that this request is overbroad, and that Plaintiff has failed to demonstrate the relevance of all the documents that may fall within this request. Accordingly, Defendants' objections on these grounds are sustained and Plaintiff's motion to compel further response is **DENIED**.

### C. Request for Production No. 5

> Produce any and all documents regarding any of the Defendants [who have] been counseled, reprimanded, [and/or] disciplined by their [supervisor's] designee for misconduct during their [time] in CDCR.

In their objections, Defendants state that the request is irrelevant, compound, vague and ambiguous, overly broad, burdensome, and oppressive. (Dkt. No. 34 at 5.) They also object on the basis of various privileges. *Id.* In their response to the motion, they argue that Plaintiff has not shown that these documents are relevant to his claims. *Id.* They point out that Plaintiff narrowed his request in another demand (discussed below) to documents related to factually similar incidents, and there were no responsive documents to that request. *Id.*

This Court agrees that this demand is overbroad, and that Plaintiff has not shown that all documents contained within this request are relevant to this action. Accordingly, Defendants' objections on these grounds are sustained and Plaintiff's motion to compel further response is **DENIED**.

### D. Request for Production No. 6

> Produce any and all information from Defendants['] personal files regarding disciplinary reports, formal or informal complaints and any information regarding prior factually similar incidents including retaliation, retaliatory transfers to "ASU," retaliatory cell move transfers, cover up, conspiracy, fabrication of 115-RVR, fabrication of 114-D, moral turpitude conduct, [and] past transgressions.

In their objections, Defendants state that the request is irrelevant, compound, vague and ambiguous, overly broad, burdensome, and oppressive. (Dkt. No. 34 at 6.) They also object on the basis of various privileges. *Id.* Notwithstanding those objections, there were no documents responsive to this request. *Id.* Plaintiff has not offered evidence to the contrary, therefore this Court finds Defendants' response sufficient. Plaintiff's motion to compel further response is **DENIED**.

## III. CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's motion to compel further response to Request for Production No. 3 is **GRANTED**. Defendants shall produce redacted copies of the

responsive documents within thirty days of the date of this Order.

2. Plaintiff's motion to compel further response to Request for Production Nos. 4, 5, and 6 is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 6, 2013

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court